IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH WAYNE THOMPSON § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-15-0229 |
| § | |
| WILLIAM STEPHENS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 3). The court previously ordered Thompson to show cause why his claims are not time-barred (Dkt. 4). He has not done so.[1]

Thompson's conviction became final when his time for seeking a writ of certiorari in the United States Supreme Court expired in June, 2003. His one-year statute of limitations under AEDPA expired in June, 2004, absent statutory or equitable tolling. Thompson filed a state habeas application that was denied in August 2003, many years before he filed this federal petition. While he filed subsequent state applications, all of which were dismissed under Art. 11.07 Sec. 4 of Texas Rules of Criminal Procedure, they were filed after the expiration of his federal limitations period and did not toll his limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

---

[1] Petitioner has also neglected to pay the filing fee or file a motion to proceed in forma pauperis as ordered (Dkt. 4).

Thompson has not presented grounds for tolling the statute of limitations. Therefore, the court recommends that petitioner's claims be denied with prejudice as time-barred.

The court further finds that Thompson has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 19, 2015.

Stephen Wm Smith
United States Magistrate Judge